WOODFORD LAND COMPANY, RESPONDENT, v. DELA-
WARE, LACKAWANNA AND WESTERN RAILROAD
COMPANY, APPELLANT.

Submitted March 27, 1922—Decided June 19, 1922.

A railroad company was charged with negligently communicating
fire caused by sparks dropping from one of its engines into com-
bustible material accumulated on its right of way and allowed
to remain there, which fire spread to plaintiff's land and de-
stroyed his property. In a suit to recover damage the only neg-
ligence charged was the unclean condition of defendant's right
of way, and to this defendant answered that it used screens in
the smokestack of its engine, as a compliance with its duty to
use all practicable means to prevent the communication of fire
from its engine. This answer was stricken out, as a plea in bar,
upon the ground that the use of screens is not the only method
to be used to prevent the communication of fire, and was no
answer to the charge of negligently maintaining combustible sub-
stances on its right of way by which the fire was communicated
to plaintiff's property. At the trial defendant offered to prove
the facts set up in the stricken answer in order to lay a founda-
tion to review the action striking out the answer. *Held*, that
the order striking out the answer was not error, as it was no
answer to the negligent act charged, which was not the absence
of screens, but the condition of the right of way rendering the
inflammable substance liable to be ignited from fire falling from
the engine otherwise than through screens, and that the answer
not setting up a legal defence, proof in support of it was irrele-
vant and its rejection not error.

On appeal from the Supreme Court.

For the respondent, *Oliver K. Day*.

For the appellant, *Frederic B. Scott*.

The opinion of the court was delivered by

BERGEN, J. This action was instituted by plaintiff to re-
cover damages alleged to have resulted from a fire communi-
cated to plaintiff's nursery through the negligent operation by
defendant of its railroad. The amount of plaintiff's damage

was agreed to, for which it has a judgment and from which defendant has appealed. The only question argued relates to the legal liability of defendant. The undisputed facts are that near plaintiff's nursery the rails along which defendant operated its railway were laid on an embankment; that shortly before the fire was discovered an engine and train passed over this embankment; that a fire started near its top, and after burning the dead leaves and grass on the defendant's right of way spread to the adjoining land and from thence to plaintiff's nursery, causing the injury which is the basis of this suit; that the right of way between the defendant's tracks and the adjoining land was covered with grass and other inflammable material, and that no person was to be seen about the place where the fire apparently started, at or near the time it was discovered. The only negligence charged in the complaint is that defendant had allowed its right of way to become covered and encumbered with grass and other combustible matter, which was set on fire by igneous matter falling thereupon from defendant's engines operating over its right of way, and which was communicated therefrom to plaintiff's land. There was no charge that the defendant did not have in use proper screens in the smokestack of the engine. The only ground of negligence averred was the negligent accumulation of inflammable material on defendant's right of way. The answer of the defendant denied the existence of such material on its right of way and then, as a separate defence, set up that the defendant "took and used all practicable means to prevent the communication of fire from any engine used by it in passing along or being upon its railroad, near or adjacent to the land owned, as alleged, by the plaintiff, and that it provided its engines with screens or covers in the smokestack so as to arrest and prevent as much as practical the escape of fire." The legal effect of this separate answer is that by the use of screens defendant had used all practicable means to prevent the escape of fire in accordance with section 56 of the act entitled "An act concerning railroads." *Comp. Stat., p.* 4245.

The separate defence was, on motion, stricken out by the Chief Justice, and properly so, for the use of screens is not enough; the defendant must use all practicable means to prevent the communication of fire to plaintiff's property, and one of them is keeping its right of way free from combustible materials. The gravamen of the complaint was the presence of combustible substances negligently left on the right of way, and that averment was not met by anything in the separate defence set up as a plea in bar. Concerning the duty of a railroad company in this regard, Mr. Justice Depue, speaking for this court in *Delaware, Lackawanna and Western Railroad Co.* v. *Salmon,* 39 *N. J. L.* 299 (at *p.* 304), said: "They are required to use all practicable means to prevent the communication of fire from their locomotives. The duty is not limited to care in the construction and use of their engines; it extends to every means within their control by which fire from their locomotives may be communicated to the property of others. * * * The removal of such combustible substances is quite as much a means of preventing the communication of fire from the locomotives as using the usual methods of preventing the escape of fire from locomotives themselves." One of the practicable means is a right of way free from combustible material, and when that condition does not exist, it is no defence to a charge of negligence based on that ground, to plead that the smokestack had perfect screens. With this separate defence stricken out the defendant went to trial, and under the remaining answers had opportunity to offer proof that in addition to the use of screens it had kept its right of way clear of inflammable substances, the contrary of which was the only negligence on which plaintiff rested, but, notwithstanding the right to offer proof in denial, defendant did not tender any evidence on this crucial point and submitted the case on plaintiff's proofs. At the close of plaintiff's case defendant moved for a nonsuit, which was denied, and then offered to prove facts in support of the separate answer stricken out, the offer being in the words of that answer, and this was overruled as not being within the pleadings be-

fore the trial court. The motion for nonsuit was rested on the claim that there was no proof from which the jury could legally infer that defendant's engine communicated the fire. Plaintiff's evidence tended to show that a train of the defendant, drawn by an engine operated by steam, left Morristown at eleven forty-three A. M. and passed the point where the indications were that a fire ignited the igneous material on the right of way about two minutes later, the engine running on a rising grade; that the fire was first seen about twelve noon, and that no one was seen at or near that point on the right of way, which tended to exclude any other cause for the fire, from all of which a jury might infer that the only cause was the dropping of hot coals, or fire, from some part of the engine other than a smokestack with proper screens. Therefore, it was not error to refuse the motion to nonsuit, for the reasons on which it was rested.

As to the refusal to admit proof in support of the answer stricken out, the record shows that the offer was limited to the separate defence, for the purpose of laying a foundation to review the action of the court in striking out that defence. It was framed in the language of the stricken answer. The precise offer being: "The Chief Justice has already stricken it [the separate defence] out. Now, I make the offer to prove those facts. I am prepared to prove that defence." If the answer was properly stricken out, the proof offered was irrelevant, for the offer was made for the express purpose of laying a basis to review the ruling on the motion to strike out, and that we have above held was proper. The offer was to prove the perfect condition of the smokestack, which was no answer to the charge of a negligent condition of the right of way. It is sufficient to say that if defendant had proved its offer it would not have been any excuse for the condition of the right of way with its accumulation of combustible substances.

Whether this question has been properly presented under our new Practice act we do not consider, as no objection was made to its consideration, and it was fully argued.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 13.

*For reversal*—MINTURN, J. 1.